Case number 25-5357, Miranda Stovall v. Jefferson Co KY Bd of Ed at all, argument not to exceed 15 minutes per side. Mr. Isger, you may proceed on behalf of the appellant. Good morning. Good morning, your honors, and may it please the court. My name is Ben Isger, and I represent the appellant, Miranda Stovall. I have asked to reserve three minutes for rebuttal. Mrs. Stovall requested a copy of a student mental health survey given to her son by Jefferson County Public Schools. JCPS blocked that request only for fear of violating Pearson's federal copyright on the materials. So Mrs. Stovall did what she had to do. She filed a federal lawsuit seeking a declaratory judgment that JCPS providing her a copy would be a fair use, not copyright infringement. Why do you say did what she had to do, federal court being the only option? I'm not sure that's fair. Well, your honor, this was her only option because the Copyright Act provides exclusive jurisdiction over the Copyright Act to federal courts. And this case requires construction. This is an open records case. That's the cause of action. It's a defense. The copyright laws are a defense. Respectfully, your honor, it's not. It's a declaratory judgment action seeking a declaration about whether or not JCPS was correct. The Declaratory Judgment Act does not end run, you know, arising under rules. In fact, it has, you know, the Copyright Act itself has arising under language. And it's pretty black letter law that the Declaratory Judgment Act does not create jurisdiction. It allows for existing jurisdiction to be used for a certain type of relief. That's correct, your honor. Your honor, the jurisdiction here is premised on the Copyright Act itself. And on this court's Chase Bank precedent or the Supreme Court's Franchise Tax Board Framework, which holds that where the defendant, the declaratory judgment defendant, has a coercive action that would necessarily belong in federal court and so it would necessarily arise under the Copyright Act that the action is proper for a declaratory judgment. And in that phrase, the defendant, is that JCPS or is that Pearson? Here, your honor, that's Pearson. At least ab initio, we don't even know if Pearson is involved. That is, they make a request to JCPS. Apparently, they are interpreting the Copyright Act. Under your view of the Copyright Act, wouldn't you say that JCPS can't even interpret the Copyright Act? Your honor, JCPS can't interpret the Copyright Act in a formal judicial sense. They can't say something with binding authority. But they have the authority to decide whether or not to provide a document in response to an open records request. And that's what they did here. They seem to be doing so really, though, under a state law. That is, it's their interpretation of what the state law requires, not what the Copyright Act requires. Well, respectfully, your honor, I think that they are doing that on the basis of what federal law requires. Their only given explanation was the Copyright Act issue, that it was a copyright protected material. And it's important to note that the parties here don't actually have a dispute about state law. Everyone agrees that if it would be copyright infringement for JCPS to provide it to her, then JCPS certainly can't do that. And Kentucky state law can't really say anything to the contrary. The Supremacy Clause would prevent Kentucky from- But then Pearson, if all of that was correct, then it would be up to Pearson to come in and intervene or to bring its own suit against JCPS to prevent- Or write a letter. Start out, at least, with writing a letter. Because, of course, apparently JCPS was willing to let her examine and memorize it. Should Pearson have blocked that? Well, first, your honor, our understanding is that Pearson allowed JCPS to allow her to view it. I wondered about that. That would be my next question. Right. But further, your honor, because it's for a noncommercial purpose, under the Kentucky Open Records Act, she is entitled to receive a copy of it. And their only reason for not giving her the copy was the copyright protection issue. But to answer your question further, your honor, Pearson's not likely to come into court. And you're correct about that because if the status quo stands, Pearson's materials don't get turned over. Pearson's completely happy. They've put Mrs. Stovall, if the district court's holding, stands into a legal black hole. She can't go to a state court because- Help me with that one. I don't understand why the state court- It's true if you have a cause of action of the copyright laws, it's exclusive. But I don't think it's true that state courts can't interpret the Copyright Act if it's adjacent to an open records case. I don't think that's right. Your honor, state courts have very limited ability to work with the Copyright Act. They can resolve state law-based claims where you're looking at something like a breach of contract issue that doesn't go any further than that and require construction of the Copyright Act. But if she did what you said she couldn't do because she has to go to federal court and she either goes to the Attorney General, which she could have, correct, or to the state court, two different parts that might have just said, JCPS, you're wrong. We think it's fair use or we don't think something. And here it is. So then what happens? Pearson- I mean, the question is, why is it inconceivable that an elected official, the Attorney General, or a court would come to a different view than the JCPS about Kentucky law? Well, your honor, as I said earlier, there isn't a dispute over Kentucky law. But it's not inconceivable that either of those entities would come to a different conclusion about copyright law. However, if they were to do so, they'd be acting beyond their jurisdiction. And who would stop them? Well, hopefully. So I think- Pearson- Would Pearson go to federal court and get an injunction against the release because of that interpretation? I mean, maybe they could, but- They certainly could. They could. Well, they could try. I'm just saying whether they would get it or not. I mean, isn't that way down the road from whether you come to federal court to start with? Well, your honor, I think the question you're getting at is why there would be a problem if a state court were to rule on a fair use issue. And the reason is that if a state court were to rule outside of its jurisdiction, without jurisdiction, it can create a host of problems for- I mean, tell me the case that creates the black letter principle you're emphasizing, which I don't think is right. To me, the law says that a state court can interpret the Federal Copyright Act if that act is inextricably bound up in a state law cause of action. That's just how it works. I thought that was the principle. And you seem to be saying, no, they can't interpret the Copyright Act. I think that's just wrong. But tell me the case that will get me off this perch and realize I've got a misunderstanding here. Your honor, I'd point you to T.B. Harmsco. T.B. Harmsco provides three different principles. I can give you the full citation for it. No, no. I want a case where a federal court said or someone said the state courts cannot interpret the Copyright Act. That's what you're saying. That's the key point you keep coming back to when you say Black Hole, she has no options, etc. And I want to – I'm trying to say I don't think that principle is correct, but I'm very open to your telling me no. There's a case that says state courts can never interpret the Federal Copyright Act, which would mean they could never interpret fair use. Does that case exist? So, your honor, if Design Gaps Inc. v. Shelter LLC, 130 F.4th 143 out of the Fourth Circuit this year, held that fair use prompts exclusive jurisdiction from federal courts, and that follows from T.B. Harmsco v. Eliscu out of the Second Circuit a long time back. T.B. Harmsco held that there were three different principles. Were they dealing with an analogous situation like this one where the cause of action is state law, right here? The cause of action is open records law, and adjacent to that is the need to interpret federal law. Were they dealing with that hypothetical? First, your honor, our cause of action is not state law. Our cause of action is the Copyright Act through the Declaratory Judgment Act. But T.B. Harmsco held that if the case is going to require construction of the Copyright Act, which any case interpreting the fair use provision or requiring a declaration about fair use is going to do, then that triggers exclusive federal jurisdiction. And T.B. Harmsco is widely accepted. Every circuit court to have reviewed and considered it has accepted it as authority. That's the 1st, 4th, 5th, 9th, and 11th. And several state courts have come to this exact same conclusion. Missouri came to this conclusion in National Council of Teachers' Quality. They held that they couldn't decide a fair use question. Connecticut's Supreme Court in Pictometry International decided the exact same thing, and a lower court in Pennsylvania decided the same thing. In fact, there's not an example of a state court considering whether it has jurisdiction over this issue and then actually rule it. Not as a matter of jurisdiction, but just if instead of pursuing this route of a declaratory judgment in federal court, your client had decided to sue in state court under the State Open Records Act. And then they get to this point where the state says, no, we're not turning it over because of the Copyright Act. And you say, no, you can. The Copyright Act doesn't prevent this. The state court judge there just has to say, sorry, can't deal with this case anymore. It goes upstairs. It goes next door. Is that what you're telling me? Yes, Your Honor. The state court's going to do one of two things. Either it's going to correctly hold that it lacks jurisdiction, as Missouri, Connecticut, and that Pennsylvania court all did to decide a fair use question once it gets brought up in an open records dispute, or it's going to rule beyond its jurisdiction. And if it does that, then Mrs. Stovall is open to, as Judge Boggs and Chief Judge Sutton both pointed out, Pearson coming into federal court and suing and looking for an injunction. So at some point, a federal court's going to have to get involved in order to resolve the fair use question. Doesn't that sort of at least procedurally go in an orderly fashion? You know, you talked about jurisdiction. We think of court's jurisdiction. But, again, remember the Attorney General is here. So this thing goes up to the Attorney General, and the Attorney General looks at it and just says, give him the papers. Is he acting without jurisdiction? I mean, his jurisdiction is to decide the, quote, appeal, that is, the attack on the Jefferson County School Board's ruling. Isn't that exactly his jurisdiction over state law? Now, maybe he's wrong because people make arguments. I mean, first off, he may not even have heard of the Copyright Act. Pearson hasn't come in yet, and he just says, give him the papers. So what's wrong with that? So, Your Honor, there's nothing wrong with that, but it wouldn't actually solve the problem. I mean, the Attorney General is empowered to advise, essentially. You can take an appeal from an open case. He rules. He doesn't just advise. If nothing else happens, he tells JCPS, give her the survey, and then it's up to somebody else to come to some court somewhere if they don't like it. Your Honor, I see my time is expiring. May I? As far as I'm concerned. Your Honor, he would be ruling, but his ruling wouldn't have any preclusive effect. It wouldn't prevent this issue from eventually meeting resolution anyway. Oh, no, I mean, not preclusive, but it would give her the papers until somebody comes in with an injunction against her. That's what she wants. She just wants to get the document. Well, Your Honor, she doesn't just want to get the document. She also regularly submits requests like this and is frequently blocked by copyright. We brought a lawsuit premise on one of them, but we plead in the complaint that she brings these requests regularly for materials from Pearson and from other publishers and is often- Does this also apply to books? I mean, like if you say I'd like to get a copy of my child's textbook, are there cases like that that are going on? Your Honor, I'm not aware of one, but it is important to note this is only for noncommercial uses, that a copy is required. If someone came into a school and said, I'm unwilling to pay for this textbook, please give me a copy. But she might like to know what's in the book just as much as want to know what's in a survey, right? Absolutely, and it would certainly apply to that so long as it was, in fact, a fair use. So maybe an entire textbook could be a problem, but I want this chapter. It's a lot closer to what we're looking for here. It's a single survey, Your Honor. Okay, thanks very much. Thank you. We'll hear from the other side. Good morning. Good morning, Your Honors. Jason Renselman here on behalf of Appellee Pearson. Judge Sutton, I think you're completely correct in your understanding of jurisdiction, which is why this entire case has a false premise. The state court would have jurisdiction to consider copyright issues to the extent they're relevant to a state law claim, which is the only claim that is at issue here. What Ms. Pearson wants is access to records. That right is created and defined and limited exclusively by state law. You wanted cases that discuss this principle. I'll give you two that support the view that you understand, which is, first of all, the Gunn v. Minton case that involved malpractice action in the Supreme Court over a patent case. The Supreme Court said exclusive jurisdiction over patents doesn't prevent the state court from resolving questions of federal patent law that are embedded in the case within a case. The Christensen case – Did they say in that case that those state court rulings would be reviewable by the U.S. Supreme Court? Do you know if they said anything along those lines? If they relate to questions of federal law, then if it goes to the Supreme Court of that state, which it was. I mean, in Minton, it was review of a Texas Supreme Court decision. The U.S. Supreme Court? Yeah. Actually, the Texas Supreme Court said we don't have jurisdiction over this and kicked it. The U.S. Supreme Court reviewed it and said, no, that's false. You do have jurisdiction to resolve that underlying federal issue. There would be no reason if Kentucky botches the meaning of fair use in a Kentucky Supreme Court decision in deciding the meaning. So they're doing a Kentucky open records case. They've got the federal law defense. They decide one way or the other about fair use. At that point, they're interpreting federal law, and that's reviewable by the U.S. Supreme Court. It could be, but, Your Honor, it likely doesn't get that far, which is another problem here, which is that the entire relevance of this declaratory judgment action is premised on answering a prior question of state law that needs to be answered by a state court, which is when you have this exception for federal law exclusions in the Kentucky Open Records Act, does that mean, as a matter of Kentucky law, that you would look to potential defenses to an infringement action like fair use? That is a state law question, and the Kentucky Attorney General, and, in fact, as they say, most of the state courts that have addressed this, have said, no, we don't consider fair use. It doesn't work in the context of open records requests because when the responding agency, in many cases, can't ask for the purpose of the requester in responding to a request. So there's no ability to evaluate the requester's fair use in the context of an open records act. And so as a matter of state law, they interpret that exception to simply say, look, if it's copyrighted, you can't get copies. And I think that speaks to one distinction, Judge Boggs. You had a question about this ability to inspect versus the ability to get copies of the document. I don't, if they consulted Pearson on this issue, I'm not aware of it. My understanding is that as a matter of state law, and interpreting the Copyright Act, which state courts have done, that is how the exception works, right, because the copyright law doesn't bar access to the information. It doesn't bar somebody looking at it. Copyright law requires you to be able to access what's in the copyright. Right. It doesn't. What it bars is reproduction, copying, and distribution. So state courts, Pictometry, Ali in Pennsylvania, and Kentucky have said, that means you can look at it, right. So, you know, she can see what her children are getting. And JCPS rightly said that you have every right to do that. But we can't give you a copy of it. Also, your general approach here, though, would mean that if JCPS made up its own survey, then they could keep it from general open records by copywriting it. Potentially. And that's, well, they couldn't prevent her from seeing it, right, or at least that's how they've interpreted it. And, again, JCPS didn't here. A lot of times schools do their own thing that people are interested in. But I'm just saying your theory is then they can protect it from public dissemination. Right. By copywriting it. Right. Well, that's the Board of Chosen Freeholders v. Toombs case under the Third Circuit. The county created these maps that they asserted were copyrighted. Somebody came in and requested copies of the maps. The county said you can see them or you can buy them at the price that we sell them for under our copyright, but you can't just get them for 25 cents a page. And they brought a federal declaratory judgment action to try to enjoin the state open records requester. And the Third Circuit said no. That's your assertion of copyright as a defense to the State Open Records Act claim doesn't create federal jurisdiction under the Copyright Act. You said several states have interpreted the protected by federal law as it applies to copyright law only to implicate the question of whether it's copyrightable, but that they don't want to do fair use because it's too complicated and that's how they interpret it. But Kentucky has not decided that? The Kentucky Attorney General has adopted that position. We said I think it's K-R-O-9-O-R-D-O-7-9. It's an Open Records Act decision. The AG's position is fair use has nothing to do with it, but the state courts have yet to resolve that. Right, because the responding agency often can't as a matter of state law and as a practical matter doesn't have the ability to evaluate the requester's purpose. And it creates, you know, and so that creates a problem. Now, you know, appellant's counsel said, well, we're only saying if they request it for, you know, non-commercial use, whatever. Well, the requester doesn't have to say that. And the requester could say that and not mean it. And that onus is not on the responding agency to make that evaluation and there's really no practical way to do that. And it would be premature and unbribe in the context of just what the requester is representing their purpose to be. Fair use, and this is sort of the ripeness point that we make in our brief, fair use requires some evidence of use. So you can't really just take their word for it. It's really a wild interpretation, I must say. I mean, so it's the exemption is for things that violate state and federal law. And what it really means, if the AG's right, is state and parts of federal law. And that's what it means, right? Not letting them use fair use defense. It's not a violation of fair use, right? So it seems quite atextual, this idea. I understand the practicalities of it, but I'm sitting here puzzling over whether the Supremacy Clause lets you do this, but I'm afraid it does. Right, well, I understand. First of all, though, that's a question of state law, right? What does that exemption mean, right? That's interpreting the Kentucky Opens Records Act. But secondly is the exemption is not you have an obligation to produce everything except things for which you would lose an infringement lawsuit on, right? It is except as prohibited by federal law. Federal law does prohibit copying and distribution. Now, in a lawsuit, somebody who has put some use to a copyrighted material could assert fair use as a defense. And that's the right that the Copyright Act gives to users, that they have a defense to infringement. But the Copyright Act doesn't create a right of access for anybody. And again, this is the reason why this case is about state law and not federal. The fair use defense is just that. It is a defense to liability for infringement, not a right of access. It doesn't say you have a right to go get copies of copyrighted materials in order to put them to a fair use. It simply says if you've done it, you can't be held liable for infringement. And in any event, that defense belongs to JCPS here. It doesn't belong to Ms. Stovall. And it's JPCS's decision whether to assert that defense or not, which is another reason why there is not an underlying coercive federal action at issue here, right? Ms. Stovall sued JCPS because that's who she really wants relief from. And the relief she wants is provided by the State Open Records Act, not by federal law. What she wants to do is force JCPS to litigate its own fair use defense, which belongs to it, and it can assert it or not assert it as it lies. I'm just still puzzling through this partial violation of federal law. And as you point out, well, this is really state law. But doesn't that mean you're creating your own state copyright law, and wouldn't that be preempted? In other words, you just correctly said we get to decide what that statute means, what that exemption means under Kentucky law. I think that's quite right. So you get to say we're only giving you part of it, this defense, and fair use is not part of it. But isn't that another way of saying you have a Kentucky copyright law? And if you have a Kentucky copyright law, isn't it preempted? To the extent that that decision would conflict with some right created under federal law. I mean, that's like the biggest thing. Well, if Kentucky said if you're sued for infringement, you can't assert a fair use defense. I'm saying in the abstract. Isn't this a problem? Maybe I don't understand copyright preemption, but I thought it meant Ohio, for example, can't have a copyright law. Well, that's true. So why can Kentucky have a copyright law without fair use? Well, Kentucky doesn't have a copyright law. Kentucky interprets the effect of the copyright law on Open Records Act obligations. And so it has a Kentucky Open Records Act law that says, well, how does copyright affect your right to access to these documents? If the outcome of that legal decision conflicts with a federal right, then maybe you have a supremacy clause problem. But, again, the Copyright Act, and I don't understand Ms. Duvall to be asserting that the Copyright Act gives her any affirmative right of access. What you would say is there's not a preemption problem here because even if we're playing with federal copyright law, it's only in the context of this defense. And there's no way in which that defense undermines any person's federal copyright act rights. In other words, anyone that is upset on either side of the equation can still use it to the fullest. Well, I think that is what I'm trying to say, but I didn't say it as effectively as you did, Your Honor. Which is, that is, that's exactly the answer. So you're saying that, like, Kentucky could have drafted the exemption to say something like, you know, we don't have to disclose things that are subject to copyright without consideration of whether there may be defenses or this, that, and the other thing. And that wouldn't run into the problems that Chief Judge Sutton is.  And, you know, amicus says this is what they do. They're trying to get changes to state open records laws. That's what their whole brief is about. But that just points to the fact that state law is where the remedy is here, not federal law. Do you agree, this is a little bit of an ancillary question, but do you agree with your friend that said that if, like, kind of but for this copyright issue, they would be entitled to copies and not just inspection? Is that something under Kentucky law you're entitled to the copy and not just inspection? I believe they would ordinarily be able to get a copy, yes. The copyright law is operating on the effect of the copies. But, Your Honors, I'd just like to shift gears a little bit. All of this goes to the threshold question of whether jurisdiction exists at all, whether the court even could accept jurisdiction. But this is a declaratory judgment action. So jurisdiction under that act is never mandatory. It is always discretionary. The DJA itself says simply that a court may exercise jurisdiction over a declaratory judgment act. And part of that is because of the nature of the anticipatory nature of a declaratory remedy, right? So there's a lot of stuff typically that has to happen before you would get to a coercive claim that ordinarily we would say precludes jurisdiction but for the declaratory judgment act. And a lot of those things are the very things we're talking about here, right? And even if you could get over the threshold of whether this could have been brought in federal court, the question is did the district court abuse its discretion, which is wide, under the declaratory judgment act? That's the Wilton case from the Supreme Court, wider than Colorado River abstention. But if your friend is correct that the only court that can answer this question, now I'm not saying this is right but this is the argument, that the only court that can answer this question is the federal court, would it be an abuse of discretion to not exercise jurisdiction? It wouldn't. Under the declaratory judgment act, no. It's okay just to be like, you know, yeah, you can never get this question answered in state court. You have to go to federal court but it's a declaratory judgment. I don't have to hear it. So you're just out of luck. Well, first of all, I don't know that it's true it could never get to state court. I think we've talked about it, especially during his argument, not only that they could answer it in state court but that a federal injunction might come in. There are ways to get to federal court. I'm sorry, were you? Yeah, I was just saying that's why the premise of my question was different.  But, I mean, the law is that declaratory judgment act jurisdiction is never mandatory. And in the MedImmune case, yes, Supreme Court specifically remanded and said, you know, we've decided that this does meet the threshold for jurisdiction in a patent case, talking about the level of actual controversy required, but you still need to go apply the Wilton factors. And that was a patent lawsuit. That was a case that indisputably was within exclusive jurisdiction. It couldn't have been brought in state court, but you still apply the discretionary factors, Your Honor, unless there are any further questions. Thank you very much. We have some rebuttal, Mr. Isker. Thank you, Your Honors. So first, Chief Judge Sutton, I think you're exactly on the right track with your questions about preemption, and I think that you should look to Ritchie v. Williams, where this court explained that states can neither expand nor contract the scope of federal copyright protections, and that's exactly what would be happening here if Kentucky were to ignore fair use questions. To respond to something my friend on the other side said, fair use is usually resolved as an affirmative defense in courts, but if you look at the plain text of the statute, and if you look at what the Supreme Court has had to say about fair use, it's far more than an affirmative defense. The statute, 17 U.S.C. 107, explicitly states that if something is a fair use, it's simply not copyright infringement. You don't have to raise it as an affirmative defense. It's just a fact of law that it's not a violation of federal law if it is fair use. Not applying that logic in a state would enlarge the scope of copyright, which this court said explicitly in Ritchie v. Williams is not allowed. I'd also like to add a little bit to my response to Chief Judge Sutton's questions earlier regarding why this isn't an open records case, and that's that there isn't a claim for records here. We're not asking a federal court to step in and tell JCPS, you need to give her the survey now. We're asking a federal court to step in and say, JCPS, you are incorrect that this would infringe Pearson's copyright, so that Mrs. Stovall can go back and use the state process and request the records again. And if at that point there is an issue of state law that comes to the front, then that's an issue of state law that can be resolved by state courts. But this issue of fair use cannot be resolved by a state court, and every state court to have considered that question has held exactly that. And it's exactly in line with T.B. Harms Co. and with the various circuits that have reviewed T.B. Harms Co. and accepted it. You can't resolve a fair use question without constructing the Copyright Act. And if you leave this out of federal courts, you threaten the uniformity that Congress thought was very important when it designed the Copyright Act and when it withdrew all jurisdiction. But wouldn't you agree if the Kentucky Supreme Court construed fair use that that's reviewable in the U.S. Supreme Court? Doesn't that take care of the uniformity point? Your Honor, in part, I don't know whether the Supreme Court would be reviewing the fair use question itself or would be reviewing the Kentucky Supreme Court's jurisdiction. They don't have authority over state law, so it would have to be federal law. Correct, but they would have jurisdiction to decide whether or not Kentucky had overstepped its jurisdiction when it issued that ruling. So they might simply end up ruling on that basis that the Kentucky state court lacked jurisdiction, which is something this court is just as capable of. That's a victory too. I mean, that's not making things worse, it's making them better. Yes, it would be a victory, Your Honor, but we brought this case in federal court rather than state court to try and resolve this one narrow issue rather than trying to get into the larger. And I see my time has expired, Your Honor. And what you call the narrow issue is what? That it's always fair use to get the whole document? Because we don't know what use you had. That is, one could imagine that she would want to make her own hundreds of copies and take them to meetings, or we might imagine that all she wants to do is to be able to accurately quote it and denounce it. So what is what you call a narrow issue that a federal court would determine in some general way? Can you state that explicitly? Your Honor, the narrow issue would be whether or not JCPS providing her a copy would be copyright infringement. We are not asking for a declaration about her eventual use of it. We're asking about that transaction, JCPS copying it and handing it to her, which she did explicitly say was for noncommercial use, as she's required to under the Kentucky statute in order to be entitled to a copy of it. So if she started using it for more than fair use, it would be up to Pearson to try to stop it? Yes, Your Honor. If she went on to later do something that Pearson thought violated its copyright with the document after receiving it from the public entity, Pearson would be well within its rights, and we're not asking for any sort of preclusive declaration that would prevent them from doing that. Thank you, Your Honors. Thanks very much to both of you. We appreciate your answering our questions and for your helpful briefs. Really appreciate it. The case will be submitted.